Argued at Pendleton October 29, affirmed December 23, 1919.

# WARD *v.* WARD.

(185 Pac. 906.)

**Gifts—Proof of Parol Gift of Land Must be Clear.**

1. In suit by father against his daughter and her husband to be adjudged the owner of real property standing in his name but in defendants' possession and claimed by them under parol gift, defendants had the burden of establishing the gift clearly and satisfactorily, the same as if they were suing to compel plaintiff to specifically perform a parol contract for a gift of land.

[As to evidence sufficient to establish a parol gift of land, see notes in 12 Ann. Cas. 494; 21 Ann. Cas. 289.]

From Gilliam: DAVID R. PARKER, Judge.

In Banc.

This is a suit in equity brought by the plaintiff, Fremont Ward, for two purposes; one to secure a partition of certain lands owned jointly by himself and the defendant, Mary Lee Ward, the other to secure a decree adjudging him to be the owner of certain real property, the title to which stood in his name, but which, according to the contentions of the defendants, Eddith Knight and James Knight, his daughter and son-in-law respectively, were given to them by the plaintiff and his then wife, the defendant Mary Lee Ward. Amelia E. Wade was made a defendant by reason of the fact that she held certain liens upon the lands in question. The facts, which gave rise to the suit, are in brief as follows:

The defendant Mary Lee Ward secured a decree of divorce from the plaintiff Fremont Ward on June 15, 1917, in Multnomah County. Among other relief, she was awarded a one-third interest in the real property owned by the plaintiff Fremont Ward, to partition which the instant suit was brought by the plaintiff.

Eddith Knight and James Knight, who are in possession of a portion of the land, claiming the same under parol gift, were made defendants and filed an answer in which they set up their claims to the land and asked for affirmative relief. It is upon the issues joined between the plaintiff and the defendants, Eddith Knight and James Knight, as to the ownership of the lands held by the Knights and claimed under a parol gift and upon the issue joined between the plaintiff and the defendant Mary Lee Ward as to the ownership of the Knight lands, that this appeal is taken.

In his complaint, the plaintiff alleges that the defendants Eddith Knight and James Knight, her husband, are occupying the lands in question, to wit:

"The NW. quarter of section 11, and the N. half of the SW. quarter, and the NW. quarter of the SE. quarter of section 11, and any part of the lands in section 10 which have not been heretofore conveyed by the Wards and which is not within the lands described in the plat to Ward's Addition to Condon and which lie north of the Condon and Lone Rock County Road; all in T. 4 S., R. 21 E. of the W. M.,

and that they have no interest in said land or any of it, and the plaintiff prays for a decree adjudging him to be the owner in fee simple of an undivided two-thirds interest therein.

In answer to this contention of the plaintiff, the defendants Eddith Knight and James Knight have set up their claim to the lands in question, which gives rise to the question at issue between the plaintiff and the defendants Knight. It is the contention of the defendants Knight that the land in question was given to them by their father and mother in 1912, that the lands were given to them at that time upon the agreement and understanding that the said defendants should occupy

the land, improve it and make it their home, and when they had done so, the plaintiff and his then wife, the defendant Mary Lee Ward, would give them a deed therefor.

The trial court denied the claim of the Knights to the land and set the same off to the defendant Mary Lee Ward in the partition suit, by reason of which she prosecutes this appeal because she had joined with her husband, the plaintiff, in the gift of the lands to the Knights.                                          AFFIRMED.

For appellants there was a brief over the names of *Messrs. Shanks & Horner* and *Messrs. Angell & Fisher,* with an oral argument by *Mr. Homer D. Angell.*

For respondent there was a brief over the names of *Mr. Jay Bowerman* and *Mr. T. A. Wienke,* with an oral argument by *Mr. Bowerman.*

McBRIDE, C. J.—The testimony in this case consumes several hundred pages of the transcript, it is very contradictory and has been given the closest attention. A reproduction or analysis of it here would necessarily consume many pages in the reports with matter of no interest to anyone except the parties, and of no value to them, the general public, the profession, or the courts.   No disputed question of law is involved.

As between the Knights and the plaintiff, the case stands upon the same footing as if they were suing to compel plaintiff to specifically perform a parol contract for a gift of land.   Such contract must be clearly and satisfactorily established: *Thayer* v. *Thayer,* 69 Or. 138 (138 Pac. 478), and cases there cited.   See, also, *Tonseth* v. *Larsen,* 69 Or. 387 (138 Pac. 1080); *Goff* v. *Kelsey,* 78 Or. 337 (153 Pac. 103).

Upon the whole testimony here, we are not convinced. that plaintiff made such an agreement. On the contrary, we are of the opinion that the weight of testimony indicates that he did not, and that the claim of defendants is an afterthought and the result of a conspiracy between the Knights and plaintiff's divorced wife. The judge who tried the case below and who had the advantage of hearing all the witnesses and of observing the manner in which they gave their testimony, found that plaintiff never made the alleged promise, and a careful perusal and re-perusal of the voluminous testimony brought here, satisfies us that he was sound in his conclusions. This renders unnecessary a consideration of the other questions discussed in the briefs, and the decree will be affirmed.     Affirmed.