No. 14,147.

HOWARD *v.* BARRETT ET AL.
(72 P. [2d] 474)

Decided October 4, 1937.

Mr. Charles F. Brannan, Mr. T. R. Secrest, Mr. William Hedges Robinson, Jr., Mr. Fred E. Neef, for plaintiff in error.

Mr. Charles Ginsberg, Mr. Abe M. Lutz, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error, by his bill in equity, sought to have reinstated a junior deed of trust given to him in consummation of a contract of sale of land by him to one of the defendants, Morris K. Barrett, and to enjoin the public trustee of Jefferson county, Colorado, from issuing a trustee's deed in connection with the foreclosure of senior deeds of trust on the property involved. To an adverse judgment of the trial court, he assigns error. Herein he will be mentioned as plaintiff, and reference will be made to defendants in error as Barrett and Nicholson, respectively.

June 25, 1930, plaintiff was the owner of a fifteen-acre garden tract located in Jefferson county, encumbered as follows: (1) First deed of trust on a portion of the property, executed by plaintiff to Salisbury to secure payment of $5,300; (2) a first deed of trust on another portion of the property between the same parties to secure the pay-

ment of $2,000; (3) a first deed of trust to one Lee on a remaining portion of the property to secure payment of $1,648. Defendant Barrett entered into a contract with plaintiff on June 25, 1930, for the purchase of the entire property for the sum of $20,000, and, according to its terms, assumed and agreed to pay the Salisbury and Lee mortgages, executed a deed of trust on the property to plaintiff in the sum of $8,052, and paid $5,000 in cash representing balance of the contract price. Plaintiff agreed to, and did, reduce the Salisbury mortgage by $2,000. Defendant Elizabeth C. Nicholson is the mother-in-law of Barrett, and, so far as the record discloses, had no knowledge of any of the negotiations between plaintiff and her son-in-law, and in fact, was travelling abroad at the date of the contract of sale. Prior to leaving on her trip, she had advanced the sum of $5,000 to the Barretts, which according to Barrett's testimony, was to be used for no particular purpose. A part of this money, however, was used by Barrett in making the cash payment to plaintiff under the contract. Barrett also later obtained the sum of $2,000 from his father to be used in payment on principal, interest, and taxes on the farm. Upon receiving deed to the property July 28, 1930, Barrett immediately moved onto the farm with his family. His mother-in-law, defendant Nicholson, maintained her home in Denver. In September, 1932, Barrett's wife died leaving two small sons, and Mrs. Nicholson thereafter moved to the Barrett farm to care for the two children and continued to make that her home. During the period between June, 1930, and September, 1932, defendant Nicholson had advanced to her daughter and son-in-law, the Barretts, the total sum of $12,268.64. The record shows that approximately $7,000 of this amount was expended by the Barretts upon the property, and the balance used for living expenses, and medical and hospital costs for Mrs. Barrett. There is no showing that any record was ever kept between the Barretts and the mother-in-law of the amounts advanced, or that there was any agreement for

the repayment thereof. The farm was operated at a loss and in November, 1934, defendant Nicholson purchased the first deeds of trust, later foreclosed same and thereby obtained title to the farm. At the time of acquiring the first deeds of trust, she sent Barrett to plaintiff with an offer to purchase his deed of trust if it was reduced in the sum of $2,000. Plaintiff offered a reduction of $1,000 which offer was not accepted, and immediately thereafter, Mrs. Nicholson bought the other deeds of trust and started foreclosure proceedings which resulted in her acquiring the property, and the extinguishment of plaintiff's lien. Immediately thereafter, plaintiff brought this action to reinstate his deed of trust as a lien on the property, contending that defendant Nicholson was the real party in interest, that she had concealed her identity, that she acted through her son-in-law Barrett as a medium, and therefore could not destroy his lien through the process followed by her in the acquiring and foreclosing the first deeds of trust; further, that a resulting trust existed and that defendant Nicholson should be declared to have been in fact at all times the fee owner of the property. The defendants took the position, which the trial court apparently adopted, that the advancements made by Nicholson to the Barretts were gifts and not loans; neither were they made for the express purpose of being used in acquiring the property for her.

The settlement of this question necessarily rested upon a determination of the facts. These were presented to the trial judge for his consideration, and that he did fully consider them is evident from the following language appearing in his remarks made at the close of the trial:

"I do not know of any facts or any rule of law holding any trust relationship or any fraudulent conduct, or any rule of law whatsoever that would justify the court in burdening this defendant with this second mortgage, as an obligation on her part, when she did not participate in the transaction at all, and when she did not sign this mortgage, or in any way assume it."

There is sufficient competent evidence to support the finding of the court in defendant's favor, and it should not be disturbed, because plaintiff wholly failed to show that Barrett had any title in or to the first deeds of trust, not made by him, and further, he failed to show that defendant Nicholson, in any manner, assumed or agreed to pay these obligations. Plaintiff, in order to establish a resulting trust, was required to do so by evidence clear and unmistakable, and not subject to an inference to the contrary. If it could be said, under the circumstances, that there arose a presumption of a resulting trust—for which there is no support in the evidence—this presumption is rebutted by the showing that defendant Nicholson from a natural interest in the welfare of her posterity made a gift of the monies advanced to the Barretts, and the burden was upon the plaintiff to show that it was intended otherwise. The law presumes that such gifts arise between parents and children and this legal presumption prevails until the contrary is clearly and unequivocally established.

There being sufficient competent evidence to support the decree of the trial court, it will not be disturbed. The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE KNOUS concur.