No. 16,498.

FISTER, ADMINISTRATOR *v.* FISTER ET AL.
(222 P. [2d] 620)

Decided September 18, 1950.

Mr. RICHARD D. DITTEMORE, for plaintiff in error.

Mr. SHERMAN E. WALROD, Mr. PAUL C. LENNARTZ, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

DEAN M. FISTER as administrator of the estate of Cora Fister, deceased, brought an action against Buddy S. Fister, son of decedent, and Anne Fister, his wife, to recover judgment in the sum of $3,840 or to establish an equitable lien upon certain property for said sum. Trial was to the court, at the conclusion of which, judgment was entered in favor of defendants. Plaintiff brings the cause here for review by writ of error.

We will herein refer to Dean M. Fister as plaintiff, and to Buddy S. Fister and Anne Fister as defendants or by name.

In the complaint it is alleged that plaintiff is the duly appointed, qualified and acting administrator of said estate, settlement of which is pending in the county court of Perkins county, Nebraska, and is authorized by said court to maintain this action. It therein is further alleged that between March 5, 1946, and April 8, 1947, decedent loaned defendants the sum of $3,840, and said amount was applied by defendants on the purchase price of certain residence property in Phillips county, Colorado, title thereto having been taken in the names of defendants. The loan has not been repaid, and plaintiff seeks judgment as hereinbefore indicated.

Defendants answered, denying each and every allegation in the complaint, and, further answering, alleged that decedent in her lifetime gave to defendants certain sums of money referred to in the complaint, but that no part thereof was a loan, nor was it ever to be repaid.

The record is replete with incompetent, irrelevant and immaterial testimony. So far as material here, plaintiff testified that he was duly appointed as administrator of

decedent's estate, and produced two of decedent's checks, the signature to which was genuine, the body of the checks being in Buddy's handwriting. These checks indicated that they were used in the purchase of property in which plaintiff sought an equitable lien, and aggregated the sum of $840. There were also two photostatic copies of checks in the sum of $2,000 and $1,000, respectively, which were signed by decedent, the body of the checks being in defendant·Buddy's handwriting. On the photostatic copy of the $2,000 check there appears, in Buddy's handwriting, the word "loan." There was no objection to the offer of the four checks in evidence, and, with reference to them, the administrator testified as follows: "Q. In other words, then, you know nothing about this transaction except just what the checks themselves show—that there were checks for $1000 and $2000, and $500 and $340? A. No." At the completion of the administrator's testimony, plaintiff rested.

Defendants testified that they received the checks; the same were signed by decedent; that the body of the checks were in the handwriting of Buddy; that the checks were gifts to defendants in order to enable them to provide a home for decedent, who was a widow and in a more or less helpless condition, needing the attention usually required by infants. Generally speaking, few, if any, proper objections were interposed to any of the testimony of defendants. The following was elicited from Buddy: "Q. You didn't pay back any of them [the checks]? A. No. Q. Why didn't you pay back any of them? A. 'Cause its a gift."

Plaintiff in error urges two specifications of points upon which he seeks a reversal: 1. Error in permitting defendants to testify to conversations and transactions had with decedent; 2. defendants failed to prove the payments received by them were gifts rather than loans.

1. Without specifically setting forth the objections interposed by plaintiff to any testimony, it is sufficient to say that there is no proper objection in the

record, and, consequently, the trial court did not commit error in receiving the testimony of either defendant.

■ 2. Here it is urged by plaintiff that the burden of proof was on defendants to establish a clear and unmistakable intention on the part of decedent to make a gift of the moneys represented by the checks in order to constitute a valid gift inter vivos. Under the evidence plaintiff is incorrect in this contention. *Howard v. Barrett,* 101 Colo. 249, 72 P. (2d) 474; *Burton v. Burton,* 100 Colo. 567, 69 P. (2d) 307; *Mace v. Tingey,* 106 Utah 420, 149 P. (2d) 832; *Amado v. Aguirre,* 63 Ariz. 213, 161 P. (2d) 117; *Bankers Trust Company v. Bank of Rockville Center Trust Co.,* 114 N.J. Eq. 391, 168 Atl. 733, 89 A.L.R. 697; *Kosciuszko Building & Loan Ass'n v. Kanzan* (Delaware Chancery), 50 A. (2d) 786; *Nolan v. American Telephone & Telegraph Co.,* 326 Ill. App. 328, 61 N.E. (2d) 876; *State v. One Oldsmobile Two-Door Sedan,* 227 Minn. 280, 35 N.W. (2d) 525; 46 C.J., p. 1321, §151; 38 C.J.S., p. 860, §65 (e); 24 Am. Jur., p. 790, §115; 39 Am. Jur., p. 742, §97.

In the present case the presumption is that the sums evidenced by the four checks made by decedent and delivered to her son were gifts and not loans, and it was incumbent upon plaintiff to establish by certain, definite, reliable and convincing evidence, sufficient to leave no reasonable doubt, that decedent did not intend the sums advanced to be a gift, and in this plaintiff's evidence wholly failed. See, authorities cited supra.

It should be recalled that the $2,000 check, in the handwriting of Buddy except for decedent's signature, was designated as a "loan," and it also should be kept in mind that defendants, in their answer, admitted the receipt of the checks but alleged that each of them was a gift and not a loan and that no payment thereon had ever been made. It also should be remembered that Buddy testified that he had made no payments on the moneys represented by the checks because they were gifts and not loans. At the conclusion of plaintiff's evi-

dence, it clearly appeared that he had wholly failed to establish any right to a judgment against the defendant here; however, we are confronted with an admission by Buddy that in making out the check he wrote thereon the word "loan," so that it appears on the check for $2,000 that it was "For Loan." This was an admission against interest on Buddy's part, and, under the evidence, clearly placed upon him the burden of establishing repayment, which he admitted he had not made. In consideration of these admissions, the trial court erred in rendering its judgment for defendants, and on the record should have entered judgment in favor of plaintiff and against defendant Buddy Fister for the sum of $2,000.

The judgment in favor of Anne Fister is affirmed, but the cause is remanded with instructions to the trial court to set aside its judgment in favor of Buddy Fister, and, in lieu thereof, enter judgment against him in favor of plaintiff in the sum of $2,000.