No. 20908.

JENNIE RIVERA *v.* CENTRAL BANK AND TRUST CO.

(395 P.2d 11)

Decided August 31, 1964.

Messrs. CISNEROS and HUCKEBY, for plaintiff for error.

No appearance for defendant in error.

MR. JUSTICE FRANTZ delivered the opinion of the Court.

DOES the complaint filed in this case state a claim upon which relief can be granted? The trial court held that it did not, and granted the Bank's motion to dismiss It is this action of the trial court which is the subject of review by this writ of error.

In substance, Jennie Rivera alleged that she had a savings account in the Bank, for which she was issued a passbook; that the passbook contained the rules and regulations regarding deposits and withdrawals, and that Rule 12 provided:

"No withdrawals permitted by any other person than depositor unless said depositor shall execute a power of attorney on a form provided by the bank and made a part of the records of the bank."

She further alleged that Jessie Antuna was her tenant; that she made a written demand upon said tenant for arrearages in rent of $300.00; that Jessie Antuna, knowing of the existence of said savings account, presented the demand to the Bank, and that the Bank

permitted a withdrawal of $300.00 by Jessie Antuna, whereupon the latter sent the said $300.00 to Jennie Rivera, who credited Jessie Antuna with having paid such sum.

Jennie Rivera alleged further that said withdrawal was made without her knowledge or authorization, and that it was accomplished without the necessary pass-book or power of attorney; that when she learned of the unsanctioned withdrawal she made demand upon the Bank for reimbursement of the $300.00 but her demand was refused.

She concluded by charging that the transaction was attended by circumstances of reckless and wanton disregard of her rights and privileges, for which she is entitled to exemplary damages. Her demand for damages, actual and exemplary, and for costs and interest followed.

■ We believe that *Henderson v. Greeley Nat'l Bank,* 111 Colo. 365, 142 P.2d 480, is controlling precedent. There this court in effect held that a complaint for damages stated a claim for relief when it contained allegations of the relationship between bank and depositor, and that the defendant bank had disbursed funds of the plaintiff depositor without the latter's authority and in violation of the agreement between them.

■ 7 Am. Jur. p. 360, § 506, was quoted with approval in the cited case. We again have recourse to the quotation:

"As a deposit is a matter of contract between depositor and bank, the depositor may stipulate at the time of deposit as to how or by whom * * * money may be drawn out; * * *. The signature upon which a depositor is to be bound and the bank is to be authorized to disburse his money and charge his account therefor may be whatever they agree upon. The bank must, however, in paying out a deposit, comply with its agreement with the depositor."

■ The relationship between a bank and a depositor

is that of debtor and creditor. *American Nat'l Bank v. First Nat'l Bank,* 130 Colo. 557, 277 P.2d 951. There it was held "that a bank's obligation to its depositor is to pay out his funds *only* to him or upon his written order."

■ A savings passbook "merely imports a liability of the bank to the depositor for the moneys deposited and an agreement to repay them at such time and in such manner as he shall direct." *Smith v. Brooklyn Sav. Bank,* 101 N. Y. 58, 4 N. E. 123, 54 Am. R. 653.

■ It thus appears that a bank cannot unilaterally or in conjunction with a third person alter the relationship between it and its depositor, nor can it unilaterally or acting with a third party change its liability to its depositor.

The rules and regulations contained in the passbook formed part of the contract of deposit between the Bank and Jennie Rivera. Rule 12 specifically provided for the manner in which withdrawals should be made, and it is in this respect that Jennie Rivera alleged the Bank violated the contract. She alleged an unauthorized withdrawal. It is our view that the complaint stated a claim for damages within the holding of *Henderson v. Greeley Nat'l Bank,* supra. Granting the motion to dismiss the complaint for lack of a claim upon which relief could be granted was therefore erroneous.

The judgment is reversed.