Donald J. KELSEY, Jr., Administrator of the Estate of Donald Jay Kelsey, deceased, Appellant (Defendant below),

v.

Edna ANDERSON, Appellee (Plaintiff below).

No. 3522.

Supreme Court of Wyoming.

Dec. 13, 1966.

L. R. Garrett, of Bowman & Garrett, Lovell, for appellant.

John O. Callahan, Basin, and William R. Thatch, Lovell, for appellee.

Before PARKER, C. J. and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Edna Anderson brought an action against the administrator of the estate of Donald Jay Kelsey, deceased, based on two checks which plaintiff claims were given to the deceased in his lifetime as loans. The deceased was a son of plaintiff.

Motions for summary judgment were filed by both parties, and affidavits in support of such motions were filed. The district court granted plaintiff's motion for summary judgment on one of the checks which was dated August 14, 1965, and in the amount of $1,084.19. It granted summary judgment for defendant in connection with the other check which was in the amount of $150.00. The administrator has appealed from the judgment in favor of plaintiff.

█ Although the plaintiff, Edna Anderson, filed her own affidavit in support of her motion, it was considered not to be competent evidence because of the so-called dead man's statute, § 1–140, W.S.1957. Rule 56(e), W.R.C.P., specifies that affidavits filed in support of motions for summary judgment shall set forth such facts as would be admissible in evidence, and the testimony of plaintiff would not be admissible in evidence because of the restrictions in § 1–140. Wilson v. Martinez, 76 Wyo. 196, 301 P.2d 785, 803, reh den 307 P.2d 605.

In lieu of plaintiff's affidavit, her attorney filed an affidavit of George Hoffman, Treasurer of Big Horn County, stating that taxes were delinquent on certain real property in which Donald Jay Kelsey had an interest, and that the certificate of purchase outstanding in connection with such delinquency was redeemed by Kelsey, by using the check of Edna Anderson dated August 14, 1957, in the amount of $1,084.19. There was also filed on behalf of plaintiff an affidavit of J. W. Pearson attesting to the genuineness of the signature of plaintiff and the endorsement of Kelsey on the $1,084.19 check.

We do not deny that the affidavits of Hoffman and Pearson may be accepted as proof of the fact that plaintiff gave the check in question to Donald Jay Kelsey, and proof of the purpose for which the payee used the money. They fall short, however, of constituting proof that there was a contract, express or implied, for repayment of the amount of the check.

■ Plaintiff's suit is necessarily based on the theory of an implied contract. In such a suit, it is axiomatic that plaintiff has the burden of proving circumstances under which a contract to repay the amount of the check will be implied. See 17 Am.Jur.2d Contracts § 4, pp. 337–338, where it is said in order for such a contract to be implied, the benefit must not be given as a gratuity or without expectation of payment, and the person benefited must do something from which his promise to pay may be fairly inferred. See also Pape v. Armstrong, 47 Wash.2d 480, 287 P.2d 1018, 1023, to the effect that one asserting an implied contract has the burden of proving circumstances from which a mutual assent may fairly be inferred.

■ Nothing has been shown in the instant case which would give rise to a presumption that the check in question was intended as a loan. That is especially true in view of the rule that a close relationship, such as parent and child, creates a presumption that delivery of property was intended as a gift. Of course, this presumption can be rebutted by sufficient evidence to the contrary. See 38 C.J.S. Gifts § 65, p. 860; and Fister v. Fister, 122 Colo. 432, 222 P.2d 620, 622.

Our court recognized and followed this rule in In re King's Estate, 49 Wyo. 453, 57 P.2d 675, 678. Appellee argues, however, that the rule applies only where delivery is made "without explanatory words," this being part of the language contained in 38 C.J.S. Gifts § 65, p. 860. Such language was not used in the King's Estate opinion.

■ In any event, appellee's argument is without merit because the only explanatory words or evidence which could defeat the presumption of a gift are words or evidence which are contrary and sufficient to amount to opposing evidence. See Hildebrand v. Chicago, B. & Q. R. R., 45 Wyo. 175, 17 P.2d 651, 657; Abrams v. Stone, 154 Cal.App.2d 33, 315 P.2d 453, 457; Texas Co. v. State ex rel. Coryell, 198 Okl. 565, 180 P.2d 631, 639; and Helton v. Industrial Commission, 85 Ariz. 276, 336 P.2d 852, 853.

■ None of the words contained in the affidavits of Hoffman and Pearson, in the case before us, contradict or refute the presumption that the money delivered by the mother, Edna Anderson, to her son, Donald Jay Kelsey, was a gift. A showing of what it was used for wholly fails to contradict the idea of a gift. And thus, plaintiff's proof falls short of proving an implied contract for repayment.

Plaintiff's action was commenced August 13, 1965, just one day short of eight years after her check was given. In another day the claim would have been barred by the statute of limitations. There is no evidence that plaintiff ever demanded payment during the lifetime of deceased, or that the son or she, prior to filing a creditor's claim with the administrator, ever treated the check as a loan.

Of course, no presumptions can be indulged from this lapse of time; but plaintiff had the burden of proof and such a lapse of time makes it more difficult to believe repayment was intended—especially in the absence of other circumstances from

which a contract for repayment would be implied.

The summary judgment in favor of plaintiff must be and it is reversed, and the case is remanded with instructions to vacate such judgment and to enter summary judgment for defendant on the $1,084.19 check.

Reversed and remanded with such instructions.