Seymour **RUBENSTEIN** and Reid Rubenstein, d/b/a Western Auto Brokers, Plaintiffs–Appellants,

v.

**SOUTH DENVER NATIONAL BANK** and **Arnold Parks,** individually and as an officer of South Denver National Bank, Defendants–Appellees.

No. 86CA0840.

Colorado Court of Appeals, Div. III.

July 28, 1988.

Rehearing Denied Sept. 29, 1988.

Donald A. Brenner, Denver, for plaintiffs-appellants.

Cogswell and Wehrle, Jeffrey B. Klaus, Laurin D. Quiat, Denver, for defendants-appellees.

STERNBERG, Judge.

Plaintiffs, Seymour and Reid Rubenstein, appeal a summary judgment entered in favor of defendants. We affirm in part and reverse in part.

Plaintiffs, doing business as Western Auto Brokers, were loan customers and depositors of defendant South Denver National Bank. Defendant Parks supervised plaintiffs' line of credit with the bank.

Plaintiffs claimed that defendants breached a duty not to reveal information concerning plaintiffs' financial status. Plaintiffs also asserted claims for outrageous conduct and exemplary damages. Plaintiffs alleged that Parks informed an employee of plaintiffs that plaintiffs' line of credit would be cancelled. Plaintiffs also alleged that defendants told a customer of plaintiffs that plaintiffs were having financial difficulty.

I.

■ Plaintiffs first contend that the trial court erred in entering summary judgment dismissing their claim for breach of a duty not to reveal information concerning their financial affairs. We agree.

In the absence of special circumstances, the legal relationship between a lending institution and its customer is that of debtor and creditor. *Rivera v. Central Bank & Trust Co.,* 155 Colo. 383, 395 P.2d 11 (1964). While there is no *per se* fiduciary relationship between a borrower and lender, a fiduciary duty may arise from a business or confidential relationship which induces one party to relax the care and vigilance it would ordinarily have exercised in dealing with a stranger. *Dolton v. Capitol Federal Savings & Loan Ass'n,* 642 P.2d 21 (Colo.App.1981). "A confidential relationship arises when one party has justifiably reposed confidence in another." *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

To determine whether a confidential relationship is present here, it is necessary to determine as a matter of fact whether plaintiffs trusted defendants to hold confidential the information they necessarily disclosed concerning their financial status, and whether defendants accepted or invited this trust. *Dolton v. Capitol Federal Savings & Loan Ass'n, supra.* In this regard, we have previously noted that "banks present a constant invitation to intending borrowers, and thus subject themselves to whatever implication or obligation is to be drawn from that fact." *Dolton v. Capitol Federal Savings & Loan Ass'n, supra,* quoting from *M.L. Stewart & Co. v. Marcus,* 124 Misc. 86, 207 N.Y.S. 685 (1924).

The courts are not in unanimous agreement as to a bank's obligation of secrecy with respect to the account of a depositor or customer at all times and under all circumstances. The reported decisions are in general agreement, however, that, at least, a bank has an obligation to its customers not to disclose unnecessarily, promiscuously, or maliciously their financial condition. *State v. McCray,* 15 Wash.App. 810, 551 P.2d 1376 (1976); *see Djowharzadeh v. City National Bank & Trust Co.,* 646 P.2d

616 (Okla.App.1982) (bank's relationship to a loan applicant implicitly imposes duty to keep contents of loan application confidential); *Suburban Trust Co. v. Waller,* 44 Md.App. 335, 408 A.2d 758 (1979) (bank implicitly warrants to maintain, in strict confidence, information regarding its depositor's affairs); *Pigg v. Robertson,* 549 S.W.2d 597 (Mo.App.1977) (bank has obligation not to disclose matters pertaining to customer's account without his consent); *Richfield Bank & Trust Co. v. Sjogren,* 309 Minn. 362, 244 N.W.2d 648 (1976) (bank is generally under duty not to disclose financial condition of its depositors); *Peterson v. Idaho First National Bank,* 83 Idaho 578, 367 P.2d 284 (1961) (it is implicit in contract of bank with its customer that no information may be disclosed by the bank concerning the customer's account unless authorized by law or by the customer); *see generally* Annot., 92 A.L.R.2d 900 (1963). *See also* FDIC Disclosure of Information Guidelines, 12 C.F.R. § 309.1, et seq. (1988).

We note that, in other contexts, our supreme court has recognized an interest in the privacy of one's financial records. In *Charnes v. DiGiacomo,* 200 Colo. 94, 612 P.2d 1117 (1980), the court held that under Colorado constitutional standards, a bank depositor has a reasonable expectation of privacy in the bank records of his financial transactions. And in *Leidholt v. District Court,* 619 P.2d 768 (Colo.1980), the court stated that a plaintiff's right to discover financial information relevant to a claim for punitive damages must be weighed against the defendant's right to privacy and protection from harassment by an intrusion into his financial affairs.

In light of the considerable authority for the general rule that a bank is under a duty not to disclose the financial condition of its customers and depositors, we conclude that the trial court erred in entering summary judgment dismissing plaintiffs' claim for unauthorized disclosure of confidential information. There are controverted issues of material fact concerning the defendants' alleged disclosures to third parties, and the actual relationship between the parties. *See Dolton v. Capitol Federal Savings & Loan Ass'n, supra.*

## II.

■ Plaintiffs further contend that the trial court erred in entering summary judgment dismissing their claim for exemplary damages. We agree.

The breach of a duty not to disclose confidential information gives rise to an action in tort. *See* Restatement (Second) of Torts § 874 (1982) (Appendix Vol. 7, Reporter's Note). Moreover, because plaintiffs here have an adequate remedy at law for damages, the character of this action is legal and not equitable. *See Holter v. Moore & Co.,* 681 P.2d 962 (Colo.App.1983). Thus, plaintiffs' action for breach of a duty not to disclose confidential information supports a claim for exemplary damages. *See Holter v. Moore & Co., supra.*

## III.

■ Plaintiffs also contend that the trial court erred in entering summary judgment on their claim for outrageous conduct. We disagree.

An individual commits the tort of outrageous conduct if, by extreme and outrageous conduct, he intentionally or recklessly causes severe emotional distress to another. *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970). It is for the trial court to determine in the first instance whether reasonable persons could differ as to the outrageousness issue. *Meiter v. Cavanaugh,* 40 Colo.Ap. 454, 580 P.2d 399 (1978). Here, viewing the allegations in the light most favorable to plaintiffs, we agree that reasonable persons could not characterize defendants' conduct as atrocious and utterly intolerable in a civilized community. *See Rugg v. McCarty, supra.* Thus, summary judgment was properly entered on this claim.

The summary judgment is affirmed with respect to plaintiffs' claim for outrageous conduct and is reversed with respect to plaintiffs' claims for breach of the duty of confidentiality and exemplary damages, and the cause is remanded to the district

court for trial of plaintiffs' remaining claims.

METZGER and HUME, JJ., concur.