**William R. ZICK, Jr., Lona L. Arnold, Sandra J. Zick Hutchinson, Plaintiffs–Appellants,**

and

**Mountain Harmony, Inc., d/b/a C & Z Builders, Third–Party Defendants,**

v.

**Scotty P. KROB, Janice Z. Krob, Defendants–Appellees.**

No. 92CA0424.

Colorado Court of Appeals, Div. III.

Oct. 7, 1993.

Rehearing Denied Nov. 18, 1993.

Petition and Cross-Petition for Certiorari Denied May 2, 1994.

Peggy E. Stevens, Lakewood, for plaintiffs-appellants and third-party defendants.

Scotty P. Krob, Denver, for defendants-appellees.

Opinion by Judge TURSI.

Plaintiffs, William P. Zick, Jr., Lona Lee Arnold, and Sandra J. Zick Hutchinson, and third-party defendant, Mountain Harmony, Inc., d/b/a C & Z Builders, Inc., appeal from the trial court's judgment dismissing their claims and finding in favor of defendants, Scotty P. and Janice Z. Krob, on several of their counterclaims and third-party claims. We affirm in part and reverse in part.

Plaintiffs and defendant Janice Krob are siblings and were the sole legal heirs of their deceased mother's estate. They assumed equal and common ownership of the estate assets under a decree of heirship. The decree was prepared on their behalf by defendant Scotty Krob, the husband of Janice and a practicing attorney. Krob also performed other legal services for the siblings.

Several controversies arose concerning the control and distribution of the assets. Relations between the parties deteriorated, and

plaintiffs commenced this action for a declaratory judgment as to their legal rights in the assets. Their complaint included claims against Krob in his professional capacity for breach of fiduciary duty, negligence, fraud, outrageous conduct, and an accounting. Plaintiffs also asserted a claim against both defendants for unjust enrichment based on defendants' occupancy of the mother's former home.

Defendants asserted counterclaims for, *inter alia*, breach of contract, extreme and outrageous conduct, and promissory estoppel and sought a declaratory judgment, contending primarily that they had remained in the mother's house pursuant to plaintiffs' invitation and that plaintiffs had breached a contract to sell them the property. Defendants also asserted third-party claims against Mountain Harmony and C & Z Builders, construction companies owned and operated by plaintiff Zick, alleging that they were in breach of a contract to remodel the home. The third-party claims were dismissed by the trial court after it found that the companies were mere instrumentalities of Zick's own affairs and had no separate corporate identities. That determination has not been challenged in this appeal.

After a trial to the court that spanned nineteen days, judgment entered in favor of the defendants. In addition, the trial court found that plaintiffs' claims were vexatious, frivolous, groundless, and lacked substantial justification. Accordingly, it awarded attorney fees to Krob, holding, however, that it could not make a similar award to Janice Krob because she had appeared *pro se*. Plaintiffs appeal from the judgment as well as the award of attorney fees.

## I.

■ Plaintiffs first argue that the trial court erred by determining, on its own initiative, that plaintiffs were not entitled to a trial by jury. We disagree.

■ The right to a trial by jury in a civil action exists only in proceedings that are legal in nature. *See* C.R.C.P. 38 and 39; *Mountain States Telephone & Telegraph Co.*

*v. DiFede*, 780 P.2d 533 (Colo.1989); *Faucett v. Hamill*, 815 P.2d 989 (Colo.App.1991).

The complaint fixes the nature of a suit, and if it joins or commingles legal and equitable claims, the court must determine whether the basic thrust of the action is equitable or legal. *Citicorp Acceptance Co. v. Sittner*, 772 P.2d 655 (Colo.App.1989).

Plaintiffs urge that this action is legal in nature because of the malpractice claims they assert against Krob. However, taking the amended complaint as a whole, we conclude that the overriding reason for the action was for a declaration setting forth the siblings' ownership rights in their mother's assets.

■ Defendants argue that because the action was for a declaratory judgment, it was a proceeding in equity. Declaratory relief, in and of itself, however, is not determinative of the type of action brought. *See* § 13–51–113, C.R.S. (1987 Repl.Vol. 6A); C.R.C.P. 57(i) and (m); and *Baumgartner v. Schey*, 143 Colo. 373, 353 P.2d 375 (1960).

Here, the primary remedy sought resembles that afforded in actions for partition. *See* § 38–28–101, C.R.S. (1982 Repl.Vol. 16A). Such actions are considered equitable in nature. *Martinez v. Martinez*, 638 P.2d 834 (Colo.App.1981). The claims for an accounting and for unjust enrichment are equitable as well. *See Martinez v. Martinez, supra;* and *T–A–L–L, Inc. v. Moore & Co.*, 765 P.2d 1039 (Colo.App.1988). We, therefore, are not persuaded that the trial court's characterization of this action as equitable was contrary to law. Consequently, we reject plaintiffs' contention that they were improperly denied their right to a trial by jury.

## II.

Plaintiffs next contend that the trial court erred by dismissing their claims for negligence, breach of fiduciary duty, and fraud. We disagree.

### A.

■ Initially, we reject plaintiffs' assertion that the trial court improperly excluded the testimony of a probate attorney that was

proffered to establish the standard of practice purportedly required of Krob.

CRE 702 provides that an expert witness may testify if scientific, technical, or other specialized knowledge will assist the trier of fact.

■ The general rule is that, except in clear and palpable cases of legal malpractice, expert testimony is necessary to establish the standards of acceptable professional conduct from which the alleged deviation has occurred. *Boigegrain v. Gilbert*, 784 P.2d 849 (Colo.App.1989). And, the general standard for admission of expert testimony in any type of malpractice action is whether it will provide assistance on a matter not within the knowledge or common experience of people of ordinary intelligence. *Scognamillo v. Olsen*, 795 P.2d 1357 (Colo.App.1990).

Here, however, the trial court served as the trier of fact. Because the proffered testimony concerned matters of legal practice, the trial court was in a particularly appropriate position to assess whether such testimony would be helpful in its deliberations. We, therefore, conclude that the trial court's exclusion of the testimony did not constitute an abuse of discretion. *See Tri–State Generation & Transmission Co. v. City of Thornton*, 647 P.2d 670 (Colo.1982) (fn. 12) (trial court sitting as fact finder need not admit expert testimony on a matter that it is capable of resolving without such testimony).

## B.

■ A trial court sitting as the trier of fact has wide discretion to determine whether a plaintiff's claims should be dismissed, and we cannot overturn that judgment in the absence of a showing that the trial court's findings and conclusions are so manifestly against the weight of the evidence as to compel a contrary result. C.R.C.P. 41(b)(1); *Smith v. Weindrop*, 833 P.2d 856 (Colo.App. 1992).

■ Here, the evidence supported the trial court's finding that Zick was appointed by the siblings to manage and control the estate's assets and that Krob, at the behest of the plaintiffs, undertook only a limited role in providing legal assistance. The evidence further showed that Krob complied with each specific request for legal services and that the delays complained of by plaintiffs were attributable to them. Finally, in light of the undisputed facts that the siblings were the sole legal heirs, that the estate assets were debt free, and that the siblings wanted to handle matters among themselves with as little outside interference and expense as possible, there is support for the finding that Krob did not act incompetently by recommending and preparing the decree of heirship.

■ As for plaintiffs' claims that Krob breached his fiduciary duty and made fraudulent misrepresentations, the record contains ample evidence to support the trial court's finding that Krob fully and timely apprised the siblings of possible conflicts he might have by virtue of his marriage to Janice and that plaintiffs understood the possible conflicts but insisted that he assist them anyway. The evidence also supports the trial court's findings that defendants occupied the house at the plaintiffs' invitation and that Krob fully and repeatedly advised plaintiffs concerning their rights to the home. Lastly, the record contained little if any evidence to contradict the presumption that the pre-death distributions given to defendants were gifts. *See Fister v. Fister*, 122 Colo. 432, 222 P.2d 620 (1950).

We, therefore, conclude that the trial court's findings of fact upon which its judgment of dismissal was predicated were supported by the weight of the evidence.

## III.

■ Plaintiffs also challenge the trial court's finding in favor of defendants on their counterclaim for promissory estoppel. Again, we find that the trial court's judgment in that regard is supported by the record.

■ The doctrine of promissory estoppel, as set forth in Restatement (Second) of Contracts § 90(1) (1970), provides that:

A promise which the promisor should reasonably expect to induce action or a forbearance on the part of the promisee or third person and which does induce such

action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

*See also Kiely v. St. Germain,* 670 P.2d 764 (Colo.1983). The purpose of the doctrine is to assure fairness by protecting one who relies to his detriment on the promise of another. *See Mooney v. Craddock,* 35 Colo. App. 20, 530 P.2d 1302 (1974).

■ A claim for promissory estoppel must be established by a preponderance of the evidence. *Nicol v. Nelson,* 776 P.2d 1144 (Colo.App.1989).

■ The record is replete with testimony from all parties that plaintiffs had offered to sell defendants the house and that, as part of that agreement, Zick would do certain remodelling at a cost of $10,000 for defendants. While it is contended that Lona Arnold and Sandra Hutchinson were unaware that completion of the remodelling was a condition for the sale of the house, evidence to the contrary was presented. Therefore, it was not necessary to defendants' recovery that it be shown that Arnold and Hutchinson actually made representations to that effect. *See Fitzwater v. Norcross,* 95 Colo. 527, 37 P.2d 522 (1934) (One who, with knowledge, induces another to believe that he acquiesces in a transaction and, by reason of that belief, to alter his position to his injury, may not repudiate that transaction to the other's prejudice.).

We, likewise, find that there was substantial evidence to establish reasonable reliance. Given the familial relationships involved and Zick's experience as a builder, it was not unreasonable for either of the Krobs to rely on the representations made regarding the sale and remodel of the house.

Plaintiffs also contest the trial court's award of damages on this counterclaim which was equivalent to the amount of money expended by defendants on the uncompleted remodel. We disagree that the award was inappropriate.

■ Damages awarded in a sufficient amount to compensate for the actual loss sustained is a proper remedy. *See Mooney v. Craddock, supra.* The award was particu-larly appropriate here since defendants subsequently amended their counterclaim to omit their request for specific performance.

In light of our disposition of the foregoing issue, it is unnecessary for us to address plaintiffs' contention concerning the trial court's findings and judgment on defendants' counterclaim for breach of contract.

## IV.

■ We do agree with plaintiffs that the trial court erred in finding outrageous conduct committed by plaintiffs and, therefore, reverse the judgment and award of $40,000 to Janice Krob and the award of $1.00 to Scotty Krob on their respective counterclaims.

■ Outrageous conduct is committed if, by extreme and outrageous conduct, an individual intentionally or recklessly causes severe emotional distress to another. *Rubenstein v. South Denver National Bank,* 762 P.2d 755 (Colo.App.1988). To qualify as outrageous, the offending conduct must go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

The specific instances of conduct found to be outrageous by the trial court consisted of:

(A) [Plaintiffs'] conduct in attempting to hold defendants hostage as a result of the expenses defendants had incurred in remodeling [the house]; (B) their recording of the telephone conversation of Bill, Lona, and Janice without Janice's knowledge; and (C) their application of a double standard in their treatment of Janice, who was an equal heir.

We do not question that the activities enumerated by the trial court were established by the evidence. We also do not condone them. However, measured against the legal standard, we cannot conclude that they were so shocking and utterly intolerable as to be considered outrageous.

## V.

■ Plaintiffs further contend that the trial court erred in finding their claims to be frivolous, vexatious, groundless, and lacking

substantial justification and for awarding attorney fees to Krob. We disagree.

Section 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) authorizes the trial court to award attorney fees to a prevailing party if the action is frivolous, groundless, vexatious, or lacks substantial justification.

A claim is groundless if the complaint contains allegations sufficient to survive a motion to dismiss for failure to state a claim, but which are not supported by any credible evidence at trial. *Fountain v. Mojo*, 687 P.2d 496 (Colo.App.1984).

A trial court's determination to award fees on such a basis will not be disturbed on appeal if the ruling is supported by the evidence. *Nagy v. Landau*, 807 P.2d 1227 (Colo.App.1990).

Here, the record was devoid of evidence to substantiate the claims brought by plaintiffs for negligence, breach of fiduciary duty, fraud, and unjust enrichment. We, therefore, must uphold the trial court's findings and its corresponding award.

Plaintiffs further argue that Krob is not entitled to recover attorney fees because he represented himself at trial. We disagree.

We recognize that no Colorado case has yet determined whether an attorney who appears in his own behalf is entitled to recover attorney fees to the same extent that a lay party employing independent counsel would be entitled to such an award. There is a split of authority on that question. *See* Annot., 78 A.L.R.3d 1119 (1977).

The policy for disallowing recovery of fees to attorneys who appear *in propria persona* rests on concerns about an attorney becoming his own client and charging for professional services with the result that litigation might be protracted for the attorney's financial betterment. *Connor v. Cal–Az Properties, Inc.*, 137 Ariz. 53, 668 P.2d 896 (Ariz. App.1983).

On the other hand, the reasons for allowing such recovery are based on the recognition that attorneys are paid for their time and services, and consequently, although an attorney representing himself incurs no cash outlay in the hiring of counsel, he still incurs continuing overhead costs and further pecu-niary loss when his attention is diverted from matters from which he could be earning compensation.

Additionally, it can make no difference to a party liable for costs whether they are to pay fees to an attorney representing himself or another attorney employed by him. *See Winer v. Jonal Corp.*, 169 Mont. 247, 545 P.2d 1094 (1976); *Weaver v. Laub*, 574 P.2d 609 (Okla.1977); *see also Renfrew v. Loysen*, 175 Cal.App.3d 1105, 222 Cal.Rptr. 413 (Cal. Dist.Ct.App.1985) (adopting rule that allows attorneys representing themselves to recover their fees and criticizing prior cases disallowing such recovery).

In general, we consider the latter analysis the better reasoned. Given the nature of the practice of law, we are unpersuaded that the absence of a cash outlay is sufficient cause to deny fees to an attorney simply because there has been self-representation. *See In re Marriage of Swink*, 807 P.2d 1245 (Colo. App.1991) (allowing *pro bono* attorney to recover attorney fees in a marital dissolution action). Furthermore, the fees awarded must be reasonable, *see* § 13–17–102, and attorneys are bound by rules of professional responsibility fairly to document their fees.

However, the overriding reason for upholding the fees awarded here is that plaintiffs' claims were frivolous and groundless. In the legislative declaration of policy set forth in § 13–17–101, C.R.S. (1987 Repl.Vol. 6A), the stated purpose for awarding attorney fees in such situations is to address the problem of increasing litigation which burdens the judicial system and interferes with the effective administration of justice. Reversing the award in this instance would, therefore, defeat the General Assembly's intent by rewarding plaintiffs who have filed otherwise frivolous and vexatious actions merely because the party put to the defense thereof is an attorney.

## VI.

Plaintiffs last contention is that the trial judge was biased against them and prevented them from receiving a fair trial. In our review of the record, we have found nothing to substantiate that allegation. We, therefore, reject it. *See Riva Ridge Apartments v. Robert G. Fisher Co.*, 745 P.2d 1034 (Colo. App.1987).

## VII.

We finally note that the trial court's final order failed to enter a disposition regarding several of the undistributed assets including the home. While plaintiffs do not specifically urge that the trial court's omission in that regard is an error, they do discuss it in their opening brief. We view such a disposition as central to the complete adjudication of this matter. Furthermore, it is in our discretion to notice errors not raised. *See* C.A.R. 1. We, therefore, conclude that this matter must be remanded for further proceedings concerning the final disposition of the assets remaining in the common ownership of plaintiffs and Janice Krob.

Defendants' request for attorney fees and costs in this appeal made pursuant to C.A.R. 38(d) is denied.

That part of the judgment awarding damages for outrageous conduct is reversed. In all other respects, the judgment is affirmed, and the cause is remanded for proceedings consistent with this decision.

JONES and ROTHENBERG, JJ., concur.