Nick **WIMMERSHOFF,**
Plaintiff–Appellant,

v.

Deborah A. **FINGER, Defendant–Appellee.**

No. 02CA1392.

Colorado Court of Appeals, Div. A.

June 19, 2003.

Nick Wimmershoff, pro se.

No Appearance for Defendant–Appellee.

Opinion by Judge METZGER.*

Plaintiff, Nick Wimmershoff, appeals the trial court's order denying his request for attorney fees against defendant, Deborah A. Finger. We reverse and remand with directions.

This appeal arises from a replevin action initiated by plaintiff, a licensed Colorado attorney, seeking recovery of a truck from defendant.

In his motion seeking attorney fees, plaintiff asserted that he had been granted pos-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

session of the truck by the trial court and that defendant, in violation of the possession order, came onto his property, took the truck, and sold it to a dealership. Plaintiff then obtained an injunction against the dealership, secured possession of the truck again, and instituted contempt proceedings against defendant. Plaintiff sought attorney fees and costs for the time and money he had expended in defending against defendant's motion seeking dismissal of the replevin action, in regaining possession of the truck, and in prosecuting the contempt against defendant.

The trial court found defendant in contempt and awarded costs to plaintiff as a remedial sanction. However, it denied plaintiff's request for attorney fees, finding that "as a general rule, pro se litigants are not entitled to recover compensation for their own time" and that "[a]bsent specific authority or a compelling reason, the Court declines to make an exception to the general rule for attorneys acting pro se in contempt proceedings."

On appeal, plaintiff contends the trial court abused its discretion in refusing to award him attorney fees. We conclude that the trial court should reconsider plaintiff's request.

### I.

We first address whether attorney fees can be awarded to a pro se attorney in a contempt proceeding under either § 13–17–101, et seq., C.R.S.2002, or C.R.C.P. 107(2). We conclude that such an award may be proper.

Section 13–17–101, et seq., authorizes a trial court to award attorney fees against any party who has brought or defended, either in whole or in part, a civil action that the court determines is frivolous, groundless, or vexatious.

In *Zick v. Krob*, 872 P.2d 1290 (Colo.App. 1993), a division of this court held that an attorney who appeared on his own behalf was entitled to recover attorney fees under § 13–17–101, et seq., on the basis that the claims brought against him were frivolous and groundless. The division nevertheless held

that pursuant to § 13–17–102, C.R.S.2002, the fees awarded must be reasonable.

Later, in *Smith v. Furlong*, 976 P.2d 889 (Colo.App.1999), another division of this court held that a nonattorney pro se litigant is not entitled to recover attorney fees under § 13–17–102. In reaching that conclusion, the division, citing *Zick v. Krob, supra,* reaffirmed that a pro se litigant who is an attorney may be entitled to recover attorney fees under § 13–17–102.

We agree with the trial court that the opinion in *Zick v. Krob* is limited to situations arising under § 13–17–102. However, contrary to the trial court's interpretation, we read the cases after *Zick v. Krob* as holding only that nonattorney pro se litigants are not entitled to recover attorney fees. They did not resolve the question whether, as here, the facts and circumstances justified an award of attorney fees to a pro se attorney litigant in a contempt proceeding. *See Prefer v. PharmNetRx, LLC,* 18 P.3d 844 (Colo.App.2000); *Smith v. Furlong, supra.*

C.R.C.P. 107(d)(2) provides that, in remedial contempt situations, "[c]osts and reasonable attorney's fees in connection with the contempt proceeding may be assessed in the discretion of the court." Whether a pro se attorney may be awarded attorney fees under C.R.C.P. 107(d)(2) is a question of first impression.

However, we find the division's rationale in *Zick v. Krob* persuasive, and we discern no reason to depart from that rationale concerning a fee award to a pro se attorney under C.R.C.P. 107(d)(2).

Accordingly, we conclude that a pro se attorney litigant is not necessarily precluded from a fee award under either § 13–17–102 or C.R.C.P. 107(d)(2) in a contempt proceeding.

### II.

Plaintiff next urges that we extend *Zick v. Krob* to mandate fee awards to pro se attorney litigants in all contempt proceedings. We see no need to do so.

Section 13–17–101 is broadly written and encompasses every type of civil action,

including contempt actions. However, being held in contempt does not necessarily mean that the contemnor's defense of the contempt proceeding "lacked substantial justification" under § 13–17–102(4), C.R.S.2002.

Therefore, we conclude that plaintiff, as a pro se attorney litigant, may be entitled to attorney fees if the trial court determines that defendant's conduct meets the requirements of § 13–17–101, et seq. The trial court made no specific findings on whether defendant's actions contesting plaintiff's replevin action, in retaking possession of the truck, or defending against plaintiff's contempt met the criteria of § 13–17–102 or whether the amount of attorney fees sought was reasonable.

Furthermore, we are unable to discern whether the trial court declined to award plaintiff attorney fees under C.R.C.P. 107(d)(2) solely because of his status as a pro se attorney.

Accordingly, on remand, the trial court should make findings on both of these issues in reconsidering whether plaintiff is entitled to any or all of the attorney fees he sought.

The order is reversed, and the case is remanded to the trial court with directions to reconsider plaintiff's motion for attorney fees.

Judge WEBB and Justice ERICKSON ** concur.

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3) and § 24–51–1105, C.R.S.2002.